IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01875-GPG

DOUGLAS BURNS,

    Applicant,

v.

SHERIFF, Jefferson County Jail,

    Respondent.

## ORDER OF DISMISSAL

Applicant Douglas Burns is detained at the Jefferson County Detention Facility in Golden, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, asking the Court to intervene in his state court criminal case. Applicant specifically claims that his due process rights are have been violated because he was forced to represent himself and then was given counsel who is ineffective. As relief, Applicant asks that the criminal case be dismissed.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In the instant action, Applicant

is not demanding enforcement of his right to be brought to trial promptly. Instead, he seeks to have this Court intervene in the state court proceedings and enter an order dismissing the criminal charges against him so that he may be released from custody. The Court may not do so.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Applicant concedes that the state court proceedings are ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Applicant fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Applicant asserts that he was forced to be represented by counsel during his preliminary hearing, but counsel was ineffective. ECF No. 1 at 3. Applicant further claims that counsel, apparently subsequent to the preliminary hearing, will not fill motions to dismiss or investigate and has lied to Applicant, resulting in Applicant representing himself. *Id.* Applicant further claims that he filed objections regarding counsel, but the

trial court would not address Applicant's concerns and forced him to proceed *pro se.  Id.* Applicant also claims he has appealed several times to the Colorado Supreme Court, but his appeals were denied. *Id.*

Applicant does not identify specifically what grievances he raised before the trial court, other than to state he filed objections, and how he presented these claims to the Court. Applicant, therefore, does not demonstrate that the trial court has denied him an adequate forum to present his due process and ineffective assistance of counsel claims. Furthermore, Applicant may present his federal claims on direct appeal in the Colorado Court of Appeals. The Tenth Circuit has found that the ability to present a federal claim on direct appeal demonstrates the opportunity to present claims in an adequate state forum. *See Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (Tenth Circuit found an ineffective assistance of counsel claim could be raised in the Oklahoma Court of Criminal Appeals). Applicant also may present ineffective assistance of counsel claims in a postconviction motion in Colorado state court. *See* Colo. R. Crim. P. 35(c)(2). Based on the above findings, Applicant has failed to demonstrate an adequate opportunity to present his federal claims in a state proceeding.

Applicant "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Applicant will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.   It is Applicant's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Applicant fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.   He also fails to demonstrate any improper motivation for the charges.   Finally, there is no indication that the criminal case against Applicant has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.   Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Applicant fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.   If Applicant ultimately is or recently has been convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, is denied and the action is dismissed without prejudice.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  8th  day of    October   , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court